# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| IN THE MATTER OF AMERICAN ASSOCIATION FOR LABORATORY ACCREDITATION INC. | Case No. 23-MC-47-JPS<br><br>**ORDER** |

In a prior lawsuit in this District, Robert Hutchinson ("Hutchinson") sought to "re-litigate a receivership action that originated in state court." *Hutchinson v. Kelling*, No. 20-CV-1264, 2021 WL 7543632, at *1 (E.D. Wis. June 14, 2021), *aff'd sub nom. Hutchinson v. Am. Ass'n for Lab'y Accreditation, Inc.*, No. 21-2289, 2022 WL 819517 (7th Cir. Mar. 17, 2022). The federal and state actions both stemmed from an eighteen-year business partnership between Hutchinson and Thomas Tefelske ("Tefelske") in Metallurgical Associates, Inc. ("MAI"), later rebranded as Old Metallurgical Associates ("Old MAI"). *Id.* at *2. Tefelske retired, and the two agreed on a sum and period over which Hutchinson would buy out Tefelske's interest. *Id.* Hutchinson failed to make payments, and Tefelske and his wife sued Hutchinson and Old MAI for breach of contract. *Id.* The parties arbitrated the matter and the arbitrator found in favor of Tefelske, who acquired control of the MAI trade name. *Id.* Later, Old MAI and Hutchinson filed for a Wis. Stat. ch. 128 receivership, and Tefelske purchased most of Old MAI's assets, leaving Hutchinson with control of the "essentially asset-less[] entity." *Id.*

Litigation ensued in state court and in this District over whether the assets sold included business books and records. *Id.* at *2–3. In this District, Hutchinson further alleged that the receiver "illicitly altered the Articles of Incorporation of Hutchinson's corporation and used it to change the name of Hutchinson's company to Old MAI and to unlawfully convey the original name of the company—Metallurgical Associates, Inc.—to the Tefelskes." *Id.* at *3 (citation omitted). As to Petitioner in the instant action, American Association for Laboratory Accreditation Inc. ("A2LA"), which is the accreditor for Hutchinson's corporation, Hutchinson alleged that he "received an email . . . stating that his corporation's Certificate of Accreditation had been transferred to the Tefelskes' corporation after A2LA received assurances from the Tefelskes that they purchased Hutchinson's business." *Id.* (citation omitted). According to Hutchinson, this represented unlawful dominion over his corporation and unlawful conversion of his accreditation to Tefelske. *Hutchinson v. Kelling*, No. 20-CV-1264, ECF No. 1 at 42–44 (E.D. Wis. Aug. 17, 2020).

On June 14, 2021, Magistrate Judge Nancy Joseph dismissed Hutchinson's claim against A2LA with prejudice for failure to state a claim. *Hutchinson*, 2021 WL 7543632, at *5. The same day, at A2LA's request, Magistrate Judge Joseph entered an order under Federal Rule of Civil Procedure 11 and the court's inherent authority barring Hutchinson from "further filings in this Court regarding the allegations alleged in the instant complaint." *Hutchinson v. Kelling*, No. 20-CV-1264, 2021 WL 2413807, at *2 (E.D. Wis. June 14, 2021).

Multiple bases supported entry of the filing bar. The state court had previously sanctioned Hutchinson twice for frivolous filings related to these claims. *Id.* (citing *Old Metallurgical Assocs. v. New Mai, Inc.*, 927 N.W.2d

Page 2 of 8

929, ¶¶ 6–8 (Wis. Ct. App. Mar. 20, 2019) (unpublished slip op.) (per curiam)). Hutchinson received an adverse decision from the Wisconsin Court of Appeals, filed a lawsuit in federal court in Georgia, and then after *that* case was dismissed, filed suit in this District. *Id.* In state court, "Hutchinson [had] paid only one of his court-ordered sanctions after threat of jail." *Id.* Accordingly, Magistrate Judge Joseph determined that "imposing a filing bar is the only way to stop Hutchinson's vexatious filing." *Id.*

A few weeks later, Magistrate Judge Joseph ordered Hutchinson to pay A2LA's attorney's fees in the amount of $20,147.40 as "a reasonable and appropriate sanction to compensate A2LA for defending against this frivolous lawsuit and to deter future frivolous filings," as well as an additional $54,514.25 in attorneys' fees for the other defendants. *Hutchinson v. Kelling*, No. 20-CV-1264, 2021 WL 3488059, at *2 (E.D. Wis. Aug. 9, 2021).

Now before the Court is a letter from A2LA explaining that Hutchinson has drafted a complaint, and threatened to file yet another new lawsuit, against A2LA as well as many of the same defendants that were sued in the action before Magistrate Judge Joseph. ECF No. 1. Hutchinson has not paid any of the ordered sanctions to A2LA, and A2LA does not believe that Hutchinson has paid the other defendants either. *Id.* at 2. Hutchinson confirms the same. ECF No. 3 at 2. Contrary to the filing bar imposed by Magistrate Judge Joseph, the draft complaint raises "allegations alleged in the [prior] complaint." *Hutchinson*, 2021 WL 2413807, at *2; *see also* ECF No. 1. Based on this, A2LA requests that the filing bar be enforced; specifically, it asks that if Hutchinson files the draft complaint, his lawsuit be screened pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) or, alternatively, that he be barred from filing any lawsuits in this District until he pays the sanctions

Page 3 of 8

awarded. ECF No. 1 at 2 (citing *Rezny v. Wis. Dep't of Fin. Insts.*, No. 22-CV-1285-SCD, 2022 WL 17570844, at *1 (E.D. Wis. Nov. 9, 2022)).

Hutchinson opposes A2LA's motion, largely on the basis of his belief that the two actions are different. ECF No. 3. First, to the extent Hutchinson believes the draft complaint circumvents the filing bar because it pleads slightly different claims, e.g., "Fifth Amendment" conversion instead of common law conversion, *compare* ECF No. 1-1 at 17, *with Hutchinson v. Kelling*, No. 20-CV-1264, ECF No. 1 at 42–44 (E.D. Wis. Aug. 17, 2020), he is mistaken. The draft complaint alleges, inter alia, that the Articles of Incorporation of Hutchinson's company were unlawfully altered, that Tefelske then unlawfully took the MAI trade name, and that A2LA unlawfully "assigned Plaintiff's company's ISO Accreditation Certificate to Tefelske's company." ECF No. 1-1 at 12. These, among others, are carbon copies of the allegations raised in the prior complaint and fall squarely within Magistrate Judge Joseph's filing bar.

The same is true as to Hutchinson's argument that the draft complaint addresses "tortious acts by defendants, committed after the June 2021 Order." ECF No. 3 at 2. While the complaint pleads scant allegations that occurred after the prior order, the majority stemming from Hutchinson's "written notice . . . of conflicts of interest" to A2LA in March 2022, ECF No. 1-1 at 15–16, the fact that the causes of action are based on the same pre-June 2021 core set of facts stands. Hutchinson cannot tack on a few purportedly new allegations to revitalize barred claims.

Further, to the extent the filing bar could be interpreted as applying only to filings before Magistrate Judge Joseph, the Court will now make it crystal clear that is not the case, and that the filing bar extends to the District at large. At the time of Magistrate Judge Joseph's filing bar, "Hutchinson

[had] not yet refused to pay a sanction award imposed by this Court," and, of course, Hutchinson had not yet prepared and used as a threat a draft complaint pleading the same allegations. *Hutchinson*, 2021 WL 2413807, at *2. Those factors push Hutchinson's conduct even further into the realm of "willful[] abuse [of] the judicial process," and thus warrant a magnified sanction "proportionate to the gravity of the offense." *Id.* at *1 (quoting *Ramirez v. T & H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016) and *Montano v. City of Chicago*, 535 F.3d 558, 563 (7th Cir. 2008)).

Therefore, the Court will grant A2LA's motion. ECF No. 1. Despite warnings from multiple courts, Hutchinson has proceeded, undeterred, in pursuing claims that "[m]ultiple judges have rejected . . . as meritless and frivolous," which "the Seventh Circuit has affirmed on . . . appeal." *Smith v. United States Cong.*, No. 19-CV-1001-PP, 2019 WL 6037487, at *9 (E.D. Wis. Nov. 14, 2019). Hutchinson has consumed far more than his share of scarce and valuable judicial resources. For those reasons, the Court will take A2LA's request that the threatened lawsuit, if filed, be screened one step further, and will impose the requested wholesale filing bar until Hutchinson's sanctions are paid.

As Magistrate Judge Joseph contemplated, the Court could do so by ordering that any lawsuit (or related filing) filed by Hutchinson *in this District* against A2LA or any of the defendants named in the suit before Magistrate Judge Joseph, and which pleads claims regarding the allegations raised in that suit, be barred. However, "[t]he problem with that response is that it places on the court, specifically the designated judge, the burden of reading the litigant's requests for authorization to file. It allows the barrage to continue, just with different labels on the filings and perhaps with fewer judges having to read the filings." *Support Sys. Int'l, Inc. v. Mack*,

45 F.3d 185, 186 (7th Cir. 1995) (collecting cases). The issue is further complicated by the fact that Hutchinson has an active case before Chief Judge Pamela Pepper against one of the same defendants that he sued in the action before Magistrate Judge Joseph, and ostensibly related to the same core set of facts, captioned *Hutchinson v. Kelling*, No. 22-CV-382 (E.D. Wis.).[1]

Thus, in accordance with *Mack*, the Court will direct that the Clerk of Court for this District "return unfiled *any papers* that [Hutchinson] attempts to file," in any case other than *Hutchinson v. Kelling*, 22-CV-382 (E.D. Wis.), "unless and until he pays in full the sanctions that have been imposed against him" in *Hutchinson v. Kelling*, No. 20-CV-1264 (E.D. Wis.), except for "any criminal case in which [Hutchinson] is a defendant or any application for habeas corpus that he may wish to file." *Id.* (emphasis added) (citing *Sato v. Plunkett*, 154 F.R.D. 189 (N.D. Ill. 1994)). This shall include any new lawsuits, including the threatened lawsuit raised by A2LA.

In the unlikely event that Hutchinson fully pays off the sanctions, and so certifies in writing, the Court will further order that any new lawsuit filed by Hutchinson in this District be screened in accordance with 28 U.S.C. § 1915(e)(2)(B)(i). *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants . . . regardless of fee status.").

---

[1] Hutchinson claims that Magistrate Judge Joseph "exercised her authority" and permitted Case No. 22-CV-382 to proceed. ECF No. 3 at 1. There is no indication on the docket that Magistrate Judge Joseph is aware of the action, nor has Chief Judge Pepper issued an order on the pending motion to dismiss, which raises the issues of Magistrate Judge Joseph's sanctions and the filing bar. *Hutchinson v. Kelling*, 22-CV-382, ECF No. 22 (E.D. Wis. Sept. 19, 2022). Accordingly, the Court will direct that a copy of this Order be forwarded to Chief Judge Pepper for her review.

Accordingly,

**IT IS ORDERED** that Petitioner American Association for Laboratory Accreditation Inc.'s motion for an order enforcing the filing bar against Robert Hutchinson, ECF No. 1, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of Court for this District return unfiled any papers, including any new lawsuits, that Robert Hutchinson attempts to file in any case other than *Hutchinson v. Kelling*, 22-CV-382 (E.D. Wis.), unless and until he certifies in writing that he has paid in full the sanctions imposed against him in *Hutchinson v. Kelling*, No. 20-CV-1264 (E.D. Wis.), except for any criminal case in which Robert Hutchinson is a defendant or any application for habeas corpus that Robert Hutchinson may wish to file;

**IT IS FURTHER ORDERED** that should Robert Hutchinson fully pay off the sanctions imposed against him in *Hutchinson v. Kelling*, No. 20-CV-1264 (E.D. Wis.), and so certify in writing, any subsequent new lawsuit filed by Robert Hutchinson in this District shall be screened in accordance with 28 U.S.C. § 1915(e)(2)(B)(i);

**IT IS FURTHER ORDERED** that a copy of this Order be **FORWARDED** to Chief Judge Pamela Pepper for her review; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **TERMINATED**.

Dated at Milwaukee, Wisconsin, this 22nd day of August, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge